STANSELL *v.* HERTZ DRIVURSELF SYSTEM *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

DAVIS, BERKE & JONES, of Chattanooga, for plaintiff in error.

WOOD & DIETZEN, of Chattanooga, for defendants in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This suit was instituted in the Circuit Court of Hamilton County to recover damages for the wrongful death of one Clark Stansell, who was killed by reason of an alleged defective automobile which deceased hired from the Mathews Company, a corporation.

More than two years after the suit had been instituted the case was heard upon a stipulation of facts from which the court held that the Mathews Company was not a party to the suit, but that plaintiff had sued the Hertz Drivurself System, Incorporated, and dismissed the suit; and since the Statute of Limitations had run against instituting a new action, the court overruled the motion of plaintiff to amend the summons and declaration so as to make to clearly appear that he was suing the Mathews Company. From the foregoing action of the trial court plaintiff has appealed to this court, and by assignments of error insists that the Mathews Company was sued and was properly before the court.

The stipulation upon which the case was tried is as follows:

"In this cause it appears that the plaintiff is contending that the Mathews Company is properly before the court by service of process had upon it and the defendant insisting that only the Hertz Drivurself System, a corporation, is before the court and plaintiff concedes that for the purpose of testing the service of process that the Mathews Company is the only company liable for damages in this cause because:

"It is agreed that the Hertz Drivurself System is a corporation, whose business consists, among other things, of the licensing of persons, firms and corporations to

use certain of its forms, courtesy cards, contracts, and equipment, in connection with the operation of such persons, firms and corporations, of the business of renting automobiles for hire to the public.

"It is agreed that the Mathews Company is a corporation, and on the occasion herein complained of, was a licensee of the Hertz Drivurself System, and in connection with the operation of said business used the name, Hertz Drivurself System, Licensee.

"It is further agreed that the Mathews Company rented to plaintiff's intestate, the automobile connected with this suit, and the Hertz Drivurself System, a corporation, had nothing to do with the renting of this automobile or the operation of the business of the Mathews Company and the Mathews Company had nothing whatever to do with the Hertz Drivurself System, a corporation, except of its licensee.

"It is agreed that R. Ben Sanders, the person upon whom service was obtained in the original writ of summons, is the highest officer and agent of the Mathews Company to be found in Hamilton County, Tennessee, but that he has no official position with the Hertz Drivurself System, a corporation."

The summons commanded the sheriff "to summon Hertz Drivurself System, a corporation, operated by Mathews Co., R. Ben Sanders, Mgr., 812 Market St., Chattanooga, Tenn.," etc.

The essential part of the sheriff's return is: "Executed by reading and making known the contents of this Summons to R. B. Sanders, Mgr., of the within named Defendant Company or Corp. he being the highest officer or agent of said Company or Corp. to be found in my County and summoning defendant as commanded."

The Hertz Drivurself System has established stations

or places of business in the cities of this State where automobiles may be hired by the hour, day or week, but this corporation does not operate or engage in the business of hiring automobiles itself but leases such stations to other parties for that purpose. In Chattanooga the lessee is the Mathews Company, Incorporated, but the lessee is required to operate the business in the name of the lessor. It further appears that the agent or manager of the Mathews Company in Chattanooga is R. Ben Sanders, who is in no wise connected with the Hertz Drivurself System. It is apparent to us that it was the Mathews Company that was sued. Had it been the purpose of plaintiff to sue the Hertz Drivurself System, a corporation, there would have been no reason or cause for adding "operated by Mathews Co., R. Ben Sanders, Mgr., 812 Market St., Chattanooga, Tenn." The Mathews Company was operating the business under the name of "Hertz Drivurself System," and instead of saying summon "Mathews Company, doing business under the name Hertz Drivurself System," the draftsman first gave the style under which the business was being conducted and then named the company who was conducting, carrying on or operating the business, followed by the name and address of its manager on whom the summons was to be served; and the summons was, in effect, served on the Mathews Company and not on its lessor. If in such a writ the officer is directed to summon "The Variety Store, operated by John Doe," and the summons is actually served on John Doe, no one could plausibly say that it was not John Doe who was sued. That is the present case, the first name being the style under which the business is conducted, while the second name is that of the party engaged in operating the business. This construction is further supported by the fact that the

summons gives the name of the manager of the company that is sued, which, in our opinion, removes any doubt as to which corporation the plaintiff is proceeding against. The summons was served on the manager of the Mathews Company and not on the manager or agent of the Hertz Drivurself System.

For the reasons stated the judgment of the trial court is reversed and the case remanded, with leave to plaintiff to amend the summons and declaration, and with leave to defenant to file such pleas as it sees fit, after which the case will be heard on its merits.

The Mathews Company will pay the costs of the appeal; other costs will be adjudged by the trial court on the final disposition of the case.